FILED
2010 Jul-13  AM 09:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NOTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **NATALIE VERSIGLIO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **versus** | ) | **Case Number:** |
| | ) | |
| **BOARD OF DENTAL** | ) | |
| **EXAMINERS OF ALABAMA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

This is an action filed under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* (hereinafter referred to as the "Fair Labor Standards Act" or "FLSA").  The plaintiff seeks payment for unpaid wages, overtime worked and liquidated damages that he was deprived of due to the defendant's violations of the Fair Labor Standards Act.  The plaintiff further seeks reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION & VENUE

1. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the Fair Labor Standards Act, by 29 U.S.C. § 1331 (action arising under the laws of the United States), and by 28 U.S.C. § 1337 (action arising under Acts of Congress regulating commerce).

2. Venue is proper pursuant to 28 U.S.C. § 1391(b).

3. The defendant Board of Dental Examiners of Alabama is, upon information and belief, a quasi-state agency for the State of Alabama,

organized under the laws of the State of Alabama (Ala. Code § 34-9-1, *et. seq.*), and employed the plaintiff to labor for its benefit in this District.

4.     The cause of action set forth in this Complaint arose in this District.

## PARTIES

### A.     Plaintiff

5.     The plaintiff, Natalie Versiglio, is above the age of nineteen (19), is a resident of Shelby County, Alabama, and is a former employee of the defendant.

6.     During all relevant time periods, the plaintiff was an employee of the defendant who was covered by the full protections of the Fair Labor Standards Act.

### B.     Defendant

7.     The defendant Board of Dental Examiners of Alabama lists its address as 5346 Stadium Trace Parkway, Suite 112, in Hoover, Alabama. The defendant is, upon information and belief, a quasi-state agency for the State of Alabama, organized under the laws of the State of Alabama (Ala. Code § 34-9-1, *et. seq.*)

8.     The defendant is engaged in interstate commerce for the purposes of the FLSA; specifically, the defendant is responsible for the licensure of all dentists and dental hygienists for the State of Alabama.

9.     Further, the defendant's gross income exceeds $500,000.00 per year.

10.    The defendant is considered an employer as defined by 29 U.S.C. § 203(d) of the Fair Labor Standards Act and is not otherwise exempt under the FLSA.

## FACTUAL ALLEGATIONS

2

11.     The plaintiff is a former employee of the defendant having been employed for a period of approximately two and one-half years ending in or around December of 2009.

12.     The plaintiff was employed as an administrative assistant for the defendant and was typically required to work more than forty (40) hours each week.

13.     During the majority of the period of her employment, the plaintiff was paid an hourly wage which was periodically adjusted.  For the last few months of employment, the plaintiff was paid a salary for each week worked.

14.     The plaintiff was not paid any wages for each hour worked above forty (40) in each work week.

15.     Rather, the plaintiff was compensated in "comp time" at a rate of one hour of "comp time" for each hour worked above forty (40) in a work week.

16.     The plaintiff accumulated a significant amount of "comp time" during the course of her career with the defendant.

17.     When the plaintiff's employment with the defendant ended in or around December of 2009, the plaintiff was not compensated for this accumulated "comp time."

18.     Additionally, not all of the "comp time" the plaintiff earned has been added to the total amount of "comp time" she is due.

19.     The defendant had a duty to retain certain records in accordance with 29 U.S.C. § 211(c) and the plaintiff will be relying upon those records to assist in proving her allegations.

## COUNT ONE –
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

20.     The plaintiff realleges paragraphs 1 through 19 as though fully set forth herein.

21.     The defendant has failed to compensate the plaintiff for all hours worked during the period of her employment.

22.     The plaintiff was not exempt from the protections of the FLSA.

23.     The defendant's failure to pay the plaintiff correctly was willful and without good faith as defined in 29 U.S.C. § 260.

24.     The defendant, by such failures, has willfully violated the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206.

WHEREFORE, the plaintiff requests this Court to enter judgment in favor of the plaintiff and against the defendant for:

A.     All amounts of wages that the plaintiff should have received under the Fair Labor Standards Act but for the defendant's willful violation of her rights, plus an additional amount in liquidated damages pursuant to 29 U.S.C. § 216(b); and

B.     All reasonable costs and attorney's fees pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act.

## COUNT TWO –

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

25.     The plaintiff realleges paragraphs 1 through 24 as though fully set forth herein.

26.     The defendant has failed to compensate the plaintiff at the premium overtime rate for all hours worked above forty (40) in each work week.

27.     The plaintiff was not exempt from the protections of the FLSA.

28.     The defendant's failure to pay the plaintiff correctly was willful and without good faith as defined in 29 U.S.C. § 260.

29.     The defendant, by such failures, has willfully violated the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, the plaintiff requests this Court to enter judgment in favor of the plaintiff and against the defendant for:

A.     All amounts of wages that the plaintiff should have received under the Fair Labor Standards Act but for the defendant's willful violation of her rights, plus an additional amount in liquidated damages pursuant to 29 U.S.C. § 216(b); and

B.     All reasonable costs and attorney's fees pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act.

Respectfully submitted,

s/ Brad Medaris
Brad Medaris
ASB-0538-O58M

s/ Robert Barber
Robert Barber
ASB-1064-R20B

OF COUNSEL:
Barber Johnson & Associates
1130 22nd Street South
Suite 3500
Birmingham, Alabama 35205
222 Lorna Square
Hoover, Alabama 35216
Tel:   (205) 940-2233
Fax:   (205) 933-7743

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT THE
FOLLOWING ADDRESS:**

Board of Dental Examiners of Alabama
5346 Stadium Trace Parkway
Suite 112
Birmingham, Alabama 35244

Board of Dental Examiners of Alabama
c/o Leo J. Derosier, DDS, Board President
2331 Pansy Street
Huntsville, Alabama 35801