IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NATALIE VERSIGLIO, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | 10-AR-1850-S |
| } | |
| BOARD OF DENTAL EXAMINERS OF } | |
| ALABAMA, } | |
| } | |
| Defendant. } | |

**MEMORANDUM OPINION**

Fairly early in this court's judicial career, it discovered that the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., has a wide embrace. In *Patel v. Quality Inn South*, 846 F.2d 700 (11th Cir. 1988), this court learned the hard way that undocumented foreign nationals (i.e. "illegal aliens") have a right to sue their employers under the FLSA. In *Patel* the Eleventh Circuit held that the Department of Labor's interpretation of the FLSA is entitled to considerable deference. Unfortunately, there is neither regulatory nor statutory language to assist the court in resolving the jurisdictional question presented by defendant in the above-styled FLSA case.

Defendant, Board of Dental Examiners of Alabama, moves to dismiss the action brought by plaintiff, Natalie Versiglio, for alleged unpaid overtime. Defendant claims immunity from suits under the FSLA. It cites *Delavan v. Board of Dental Examiners of Alabama*, 620 S.2d 13 (Ala.Civ.App. 1992), for the proposition that

it is a state agency and therefore enjoys the sovereign immunity allegedly conferred upon it by Alabama Constitution, Art. I, § 14, and by the Eleventh Amendment to the Constitution of the United States. The court acknowledges that FLSA does not, like some federal statutes, purport to override sovereign immunities that might otherwise appertain. The question in this case, then, becomes: "Is this defendant a state 'agency' for the purposes of immunity to FLSA claims?" Defendant has cited no case that provides an answer to this question, and the court has found none.

*Brown, et al. v. University of Alabama at Birmingham, et al.*, CV-94-JFG-0018, was a 1994 case assigned to another judge of this court. It was filed under the FLSA by eighty-one (81) employees of UAB. UAB did not file a motion to dismiss interposing any sovereign immunity defense. Instead, it filed an answer. Not too much later, the case was settled, and the action was dismissed. UAB is most assuredly more of an "agency" of the State of Alabama than is the entity this plaintiff appropriately describes as a "quasi"-state agency. Apparently, UAB does not believe itself immune to claims against it by its employees under FLSA law. Perhaps UAB should have thrown the gauntlet in 1994. The court cannot imagine UAB's not having relied on an absolute defense.

If this court should agree with this defendant and should dismiss the above-entitled act with prejudice, and thus recognize its claimed immunity, it would follow as night follows day that the

many other boards or "agencies" created by the Legislature of the State of Alabama would also be immune from FSLA claims, because said "agencies" are indistinguishable from this defendant in all relevant respects.  They are:

        Alabama State Board of Public Accountants
        § 34-1-3, Ala. Code

        The Alabama Electronic Security Board of Licensure
        § 34-1A-2, Ala. Code

        The Board for Registration of Architects
        § 34-2-38, Ala. Code

        The Board of Examiners of Assisted Living
          Administrators of the State of Alabama
        § 34-2A-1, Ala. Code

        The Board of Commissioners of the State Bar
        § 34-3-2, Ala. Code

        The State Board of Auctioneers
        § 34-4-4, Ala. Code

        Alabama Board of Barber Examiners
        Ala. Code § 34-5-13

        Alabama Board of Cosmetology
        § 34-7A-3, Ala. Code

        State Licensing Board for General Contractors
        § 34-8-2, Ala. Code

        The Alabama Board of Examiners in Counseling
        § 34-8A-1, Ala. Code

        The Alabama Board of Court Reporting
        § 34-8B-2, Ala. Code

        The State Board of Licensure for Professional
          Engineers and Land Surveyors
        § 34-11-30, Ala. Code

        The State Board of Registration for Foresters
        § 34-12-1, Ala. Code

Alabama Board of Funeral Service
§ 34-13-20, Ala. Code

The Board of Hearing Instrument Dealers
§ 34-14-1, Ala. Code

The Home Builders Licensure Board
§ 34-14A-2, Ala. Code

The Board of Home Medical Services Providers
§ 34-14C-2, Ala. Code

Alabama State Board of Registration for
  Interior Design
§ 34-15B-4, Ala. Code

Alabama Licensure Board for Interpreters
  and Translators
§ 34-16-4, Ala. Code

The Alabama State Board of Examiners of
  Landscape Architects
§ 34-17-1, Ala. Code

The Alabama Board of Examiners in Marriage
  and Family Therapy
§ 34-17A-3, Ala. Code

The Board of Medical Technicians Examiners
  for the State of Alabama
§ 34-18-40, Ala. Code

The Board of Nursing and the Board of
  Medical Examiners
§ 34-19-4, Ala. Code

The Board of Examiners of Nursing Home
Administrators of the State of Alabama
§ 34-20-1, Ala. Code

Board of Nursing
§ 34-21-2, Ala. Code

The Alabama Onsite Wastewater Board
§ 34-21A-1, Ala. Code

The Alabama Board of Optometry
§ 34-22-1, Ala. Code

>The Alabama State Board of Pharmacy
>§ 34-23-1, Ala. Code
>
>Board of Medical Examiners of the State of Alabama
>§ 34-24-53, Ala. Code
>
>The Polygraph Examiners Board
>§ 34-25-1, Ala. Code
>
>The Alabama State Board of Prosthetists
>  or Orthotists
>§ 34-25A-3, Ala. Code
>
>Alabama Board of Examiners in Psychology
>§ 34-26-20, Ala. Code
>
>Alabama Real Estate Commission
>§ 34-27-2, Ala. Code
>
>The State of Alabama Real Estate Appraisers Board
>§ 34-27A-2, Ala. Code
>
>The Alabama State Board of Respiratory Therapy
>§ 34-27B-5, Ala. Code
>
>The Alabama Board of Examiners for Speech-Language
>  Pathology and Audiology
>§ 34-28A-40, Ala. Code
>
>Alabama State Board of Veterinary Medical Examiners
>§ 34-29-61, Ala. Code

All of the above-listed "agencies" are creatures of statute, as is this defendant, which came into being by, and owes its existence to, § 34-9-1, Ala. Code. All of these entities are similarly self-governed and self-funded except for minuscule reimbursement possibilities. There is nothing in the statutory charters of any of these "agencies" to suggest that the State of Alabama is itself obligated to pay from its treasury liabilities that may be incurred by the "agencies" to third parties, including to unhappy employees.

Having found no binding authority on the precise jurisdictional question before the court, the court respectfully declines to be the first court to cloak an Alabama agency like this defendant, either with State sovereign immunity, or with Eleventh Amendment immunity from FLSA claims. Defendant's motion to dismiss will be denied by separate order.

DONE this 27th day of August, 2010.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE